UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHESTER BRAGG,** )<br>)<br>**Defendant.** )<br>) | Case No.  09-20058–01-CM/JPO |

ORDER OF DETENTION PENDING TRIAL

On August 5, 2009, a detention hearing was conducted in accordance with the Bail Reform Act, 18 U.S.C. §3142(f).  The Government appeared by and through David Lind, Assistant United States Attorney.  The defendant appeared in person and through Tim Henry, Assistant Federal Public Defender, appearing on behalf of the Kansas City Federal Public Defender's Office who will be representing Defendant in this Kansas City case.
The Government requested a detention hearing pursuant to 18 U.S.C. § 3142(f) because this case involves a failure to register under section 2250 of title 18, United States Code and a serious risk defendant will flee. Defendant argued that there are conditions of release which can be imposed by the court that will allow defendant to be initially released on bond to the halfway house.

All reasonable alternatives to detention have been considered. The court finds that the United States has met its burden of establishing by a clear and convincing evidence that Defendant's release would present a danger to the community, and by a preponderance of the evidence that there is a serious risk that defendant will flee if released on conditions, therefore

defendant should be detained pending trial. The Government's motion for detention is GRANTED.

The court has considered the following factors set out in 18 U.S.C. § 3142(g):

a.  The charges in this case involve a claim that Defendant failed to register as required by 18 U.S.C. § 2250 and entitled the Government to a detention hearing.

b.  The history and characteristics of the Defendant are important factors for consideration.

    1.  <u>Criminal history</u>:  Defendant has a history of criminal conduct from at least 1995 when Defendant was a juvenile, through state court convictions in 2005.  While there may be some question about a 1995 adjudication in Sumner County as to precisely what charges were the basis for the adjudication, later charges in the same county show a conviction for felony rape/indecent solicitation of a minor child 14 less than 16 sexual act, for which Defendant was sentenced to 26 months, but was placed on 24 months of probation.  In 1997, Defendant absconded, a warrant was issued and Defendant was arrested in Texas and returned to KDOC.  Later state court convictions include possession of controlled substances in 1998, intimidation of a witness or victim in 2000, failure to register under offender registration act in 2001, possession of simulated controlled substance or drug paraphernalia in 2002 and 2005, domestic battery in 2002, and two convictions for criminal use of a financial card and one conviction for forgery in 2005. In addition, in the 2001 failure to register case and in two of the 2005 cases in Butler County, defendant was

                charged with absconding while on parole, warrants were issued and Defendant was returned to custody.

        2.    <u>Family ties, community ties and length of residence in the community</u>: Defendant has had no recent community ties or residence in the Wichita, Kansas area, although in he did live in Butler County for approximately two years around 2005-2007. Prior to his arrest on parole violation charges, he was living in Tulsa, Oklahoma. He originally sought to be released to live with mother in Sedan, Kansas. His wife and sister have indicated that they might move to Wichita, Kansas from Oklahoma if Defendant were released to the halfway house so that he could live with them after a period in the halfway house.

        3.    <u>Employment history</u>: Due to incarceration on state charges, Defendant has been unemployed since February, 2009. He hoped to secure employment in the Independence, Kansas area upon his release, but his driver's license is suspended and he would have to rely on other people for transportation.

c.    The court has considered the recommendations contained in the Pretrial Services Report.

d.    Defendant is advised of his right to seek a review and appeal of this order of release pursuant to 18 U.S.C. § 3145(b). In addition, because certain information concerning Defendant's early juvenile record were not available at this time, and due to questions concerning Defendant' move to Oklahoma while under supervision in the Butler County cases, and whether that move was authorized or constituted absconding, the undersigned magistrate judge believes that Defendant should have the right to either seek reconsideration before Judge O'Hara pursuant

to 18 U.S.C. § 3142(f), or to seek review from Judge Murguia pursuant to 18 U.S.C. § 3145(b) when he is transferred to Kansas City, Kansas, where the case is currently pending.[1]

IT IS THEREFORE ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 5th day of August, 2009.

  s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[1] The Court is cognizant of the fact that the Tenth Circuit has held that any motions for reconsideration under 18 U.S.C. § 3142(f) are to be heard by the same judicial officer that held the initial hearing. *See* U.S. v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003). However, in this case, the detention hearing was only held in Wichita, Kansas due to timing considerations and possibly for convenience of Defendant's family. The magistrate judge assigned to this case in Kansas City, however, has full access to the recorded transcript of the initial detention hearing in Wichita, and is in as good a position to conduct any reconsideration hearing as the magistrate judge in Wichita.