IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 09-20058-CM |
| vs ) | |
| ) | |
| CHESTER BRAGG, ) | |
| ) | |
| Defendant. ) | |

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by and through Kim I. Martin, Assistant United States Attorney, and Chester Bragg, the defendant, personally and by and through his attorney, Kirk Redmond, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** If the Court permits, the defendant agrees to plead guilty to Count 1 of an indictment filed on May 20, 2009 which charges a violation of Title 18, United States Code, §§ 2250, that is, failure to register as a sex offender. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of it  The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000 fine, a period of years not less than 5 years and not more than life of supervised release, and a $100 mandatory special assessment.

2.   **Factual Basis for the Guilty Plea**. The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On August 31, 1995, the defendant Chester Bragg was convicted of the crime of Indecent Solicitation of a Child in case number 95 CR 130 in Sumner County, Kansas. On September 28, 1995, the defendant was sentenced to serve 26 months imprisonment.

On December 11, 1995 the defendant was convicted of the crime of Sexual Battery in case number 95-CR77 in Chautauqua County District court. The defendant was sentenced to 12 months imprisonment to run consecutively with his sentence from Sumner county.

As a result of these two convictions the defendant was required to register as a sex offender for life under the provisions of the Kansas Sex Offender Registration Act.

On July 2, 2003 the defendant was convicted for the crime of Violation of the Offender registration Act in Case number 01-CR94 in Chatautauqua County Kansas District Court. The defendant was sentenced to 10 months imprisonment. On March 27, 2007 the defendant was paroled from the Kansas Department of corrections. On April 6, 2007 the defendant registered as a Sex Offender as required with the Wyandotte County Sheriff's office. At that time the defendant stated he was homeless and living at the Salvation Army located at 1200 N. 7th Street Kansas City, Kansas. On June 20, 2007 the defendant reported to his parole officer that he had moved in with his girlfriend at 4930 Woodend in Kansas City, Kansas. Thereafter the defendant failed to report to his probation officer on several occasions. Further investigation revealed that the defendant was not living at the Woodend address provided

On September 12, 2007 a Parole Warrant was issued by the Kansas Department of Corrections. At the time the warrant was issued his whereabouts were unknown.   In March of 200n Deputy United States Marshal Cahilll was asked to help locate the defendant.   On March 4,2009 Deputy Cahill and Officer Cook interviewed Katherine Meyer (aka Katherine Sidwell) at her residence located a 2517 S. 48th Street Kansas City, Kansas.  Ms. Meyer  stated that she is the former girlfriend of the defendant and that the had lived at the Woodend address and then they both had moved in with her parents and her 3 children at 4914 Natoma Kansas City, Kansas. Meyer stated she knew about the defendant's prior convictions but that his family had told her that he was falsely accused.    Meyer stated that on approximately July 19, 2007 she woke up around 1:00 am and found the defendant standing in the middle of her children's bedroom. Meyer stated that she and her cousin threw the defendant out of the house and her cousin drove the defendant to the bus station. She reported that the defendant left to go to Tulsa, Oklahoma to go live with his sister.

2

On March 18, 2009 Deputies from the United States Marshal's Service located the defendant living at an apartment complex in Tulsa, Oklahoma. On March 19, 2009 the defendant was arrested. The defendant has not registered in Oklahoma, nor had he updated his registration with the Kansas authorities.

3. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of 24 months in prison for Counts 1charging a violation of Title 18, United States Code, § 2250; an amount of restitution to be determined by the District Court at sentencing; the amount of supervised release will be determined by the District Court at the time of sentencing; and the mandatory special assessment of $100 to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines because the parties are requesting a sentence near the low end of the guidelines.

3

5.  **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

6.  **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7.  **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

8.  **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count will be entered against the defendant at the time of sentencing. The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9.  **Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction

4

and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**10.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11. **Sex Offender Registration.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems

appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**13.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**14.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

*Scott Rask by MP*  Date: Oct. 26, 2009
SCOTT RASK, # 15643
Criminal Chief/Supervisor
500 State Ave., Suite 360
Kansas City, KS  66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: scott.rask@usdoj.gov

*Kim I. Martin*  Date: 10-26-09
KIM I. MARTIN, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
E-mail: kim.martin@usdoj.gov

*Chester P. Bragg*  Date: 10-26-09
CHESTER BRAGG
Defendant

*Kirk Redmond*  Date: 10-26-09
KIRK REDMOND
Assistant Federal Public Defender
500 State Avenue Suite #201
Kansas City, Kansas 66101
Attorney for Defendant

8